# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| PATRICIA HANKS, | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| COMENITY BANK, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

PATRICIA HANKS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against COMENITY BANK ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff is a natural person, who resides in Friendship, Tennessee 38034.

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

1

6. Defendant is a corporation with its headquarters located at One Righter Parkway, Suite 100, Wilmington, Delaware 19803.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

9. Plaintiff has a cellular telephone number that she has had for over a year.

10. Plaintiff has only used this number as a cellular telephone number.

11. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

12. Beginning in or before October 2014, and continuing through November 2014, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

13. During the relevant period, Defendant called Plaintiff on her cellular telephone, on average, once a day.

14. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

15. Defendant's automated messages identified its company name as the caller.

16. Defendant's telephone calls were not made for "emergency purposes."

17. In October 2014, Plaintiff revoked any consent previously given to Defendant to place telephone calls to her cellular telephone number.

18. Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling her cellular telephone number.

19. Despite the above, Defendant persisted in calling Plaintiff on her cellular telephone for several weeks.

20. For example, Defendant contacted Plaintiff on her cellular telephone on the following dates: October 20, 2014, October 22, 2014, October 23, 2014, October 24, 2014, October 25, 2014, October 27, 2014, October 30, 2014, and November 7, 2014.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

23. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

24. Defendant's calls to Plaintiff were not made for emergency purposes.

25. Defendant's calls to Plaintiff, after October 2014, were not made with Plaintiff's prior express consent.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, PATRICIA HANKS, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, PATRICIA HANKS, demands a jury trial in this case.

Respectfully submitted;

DATED:  January 9, 2015          By:  /s/ Amy L. Bennecoff
                                      Amy L. Bennecoff
                                      BPR # 28563
                                      Kimmel & Silverman, P.C.
                                      30 E. Butler Pike
                                      Ambler, PA 19002
                                      Phone: (215) 540-8888
                                      Fax: (877) 788-2864
                                      Email: abennecoff@creditlaw.com

PLAINTIFF'S COMPLAINT